UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK TED SPENCER,

       Petitioner,                      CASE NO. 09-13362

v.                                    HONORABLE PATRICK J. DUGGAN

DEBRA SCUTT,

       Respondent.
_____/

## **ORDER**

This matter is before the Court on Respondent's motion for immediate consideration and motion for stay pending the appeal of the Court's decision to conditionally grant habeas relief to Petitioner. For the reasons stated below, the Court grants Respondent's motion for immediate consideration and motion to stay judgment so that the time for proceeding with a retrial in state court will not run during the pendency of Respondent's appeal. However, to the extent Respondent seeks an order from this Court on the appropriateness of Petitioner's continued detention during the pendency of the appeal, the Court declines to address the issue as it is not yet ripe for review.

On February 6, 2013, this Court granted Petitioner a conditional writ of habeas corpus on the ground that Petitioner's received ineffective assistance of counsel at trial, thus depriving Petitioner of his Sixth Amendment right to the effective assistance of counsel. *Spencer v. Stutt*, No. 09-13362, 2013 WL 451156, 2013 U.S. Dist. LEXIS 15782 (E.D. Mich. Feb. 6, 2013) (unpublished). The Court's order provided that

Respondent was to release Petitioner from custody unless the State him within 180 days. *Id.* On February 19, 2013, Respondent filed a notice of appeal of this Court's February 6, 2013 Opinion and Order and accompanying Judgment with the United States Court of Appeals for the Sixth Circuit. Now before the Court is Respondent's motion for immediate consideration and motion to stay the Court's February 6, 2013 judgment pending appeal, which was filed on March 5, 2013. Petitioner responded to this motion on March 12, 2013.

Respondent's motion requests that the Court stay its order providing that Petitioner is to be released from custody unless the State brings him to trial within 180 days. Respondent requests a stay in light of the fact that subsequent to the entry of this Court's judgment, an appeal was perfected. It is unlikely that this appeal will be resolved within 180 days and if Respondent prevails on appeal a trial would be unnecessary. Petitioner, through counsel, does not object to Respondent's motion to stay state court proceedings while an appeal is pursued. As such, Respondent's request for a stay of the Court's judgment is granted. The Court also finds it appropriate to grant Respondent's motion for immediate consideration in light of the impact complying with the 180-day timeline would have on trial preparation for both parties to this action.

Respondent commits the vast majority of her brief to the supposition that Petitioner "is not entitled to release prior to the resolution of the State's appeal." (Resp. Br. in Supp. 4.) Given that Petitioner has not yet filed a motion for bond, the Court finds it prudent to abstain from addressing Respondent's argument for continued detention.

2

Unless and until Petitioner seeks release on bond, Respondent's arguments regarding detention are not ripe for consideration.

Accordingly,

**IT IS ORDERED** that Respondent's motion for immediate consideration and motion to stay this Court's order that the State retry Petitioner within 180 days or release him is **GRANTED** while Respondent's appeal is pending;

**IT IS FURTHER ORDERED** that Respondent's motion for immediate consideration and motion to stay is **DENIED WITHOUT PREJUDICE** to the extent it seeks an order from this Court on the issue of whether Petitioner or not Petitioner should remain in custody pending appeal.

Date:  March 22, 2013                    s/Patrick J. Duggan
                                         PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:

**David A. Moran**
**Imran J. Syed**
**Sarah C. Zearfoss**
**Linus R. Banghart-Linn**