UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK TED SPENCER,

               Petitioner,                     Case No. 09-13362

v.                                      Honorable Patrick J. Duggan

DEBRA SCUTT,

               Respondent.
_____/

## ORDER (1) GRANTING RESPONDENT'S MOTION FOR IMMEDIATE CONSIDERATION (ECF NO. 31) AND (2) DENYING RESPONDENT'S EMERGENCY MOTION TO STAY ORDER  GRANTING PETITIONER'S MOTION TO SET BAIL (ECF NO. 32)

On February 6, 2013, this Court conditionally granted Petitioner Frederick

Spencer's ("Petitioner") petition for writ of habeas corpus filed pursuant to 28

U.S.C. § 2254.  Soon thereafter, Respondent appealed this Court's decision to the

United States Court of Appeals for the Sixth Circuit.  On March 22, 2013, this

Court granted Respondent's motion for immediate consideration and motion to

stay enforcement of the habeas judgment pending appeal in part.  Specifically, the

Court granted a stay with respect to its order that Petitioner be released from

custody unless the State initiated a new trial within 180 days.  Although

Respondent made arguments pertaining to whether Petitioner should remain

confined pending appeal, the Court deemed it prudent to refrain from addressing

any arguments pertaining to Petitioner's release unless and until Petitioner sought

such relief.  On April 22, 2013, Petitioner filed a motion to set bail.  Respondent

declined to respond to this motion.

After thoughtful consideration, this Court concluded that Petitioner was

indeed entitled to be released pending appeal and issued an Opinion and a separate

Order to this effect on September 25, 2013.  The same day that the Court issued its

Opinion and Order, Respondent filed a motion for immediate consideration (ECF

No. 31) as well as an emergency motion to stay the Court's order granting

Petitioner's motion to set bail (ECF No. 32).  These motions are presently before

the Court.  For the reasons stated herein, the Court grants Respondent's Motion for

Immediate Consideration but denies Respondent's Motion to Stay Order Granting

Petitioner's Motion to Set Bail.

Without citation to a single legal authority, Respondent argues that this

Court should stay execution of its Order granting Petitioner's release on bail

because a Sixth Circuit panel is scheduled to hear oral argument on the habeas

appeal on October 8, 2013, which is less than two weeks away, and "[a]n opinion

is expected to issue not long thereafter."  (Resp't's Mot. 2.)  This argument is not

well taken.  Not only is the proximity of oral argument irrelevant to whether

Petitioner is entitled to release, Respondent's prediction regarding when a decision

will issue is just that: a prediction.  Moreover, and as Petitioner points out in

responding to the pending motions, Respondent's motion to stay essentially asks this Court to revisit its analysis of the propriety of releasing Petitioner pending appeal.  (Pet.'s Br. 1, ECF No. 33.)  The Court will do no such thing.  Not only did Respondent decline to respond to Petitioner's motion seeking release but Respondent has not argued that the decision granting Petitioner bail was an erroneous one.

Accordingly,

**IT IS ORDERED** that Respondent's Motion for Immediate Consideration (ECF No. 31) is **GRANTED**;

**IT IS FURTHER ORDERED** that Respondent's Emergency Motion to Stay Order Granting Petitioner's Motion to Set Bail is **DENIED**.

Date:  September 30, 2013

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:

**David A. Moran**
**Imran J. Syed**
**Sarah C. Zearfoss**
**Linus R. Banghart-Linn**

3